UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| DWAYNE DOOLIN, <br><br> Plaintiff, <br><br> v. <br><br> WILSON, et al., <br><br> Defendants. | CAUSE NO. 3:19-CV-1148-DRL-MGG |

OPINION AND ORDER

On January 24, 2020, this case was dismissed without prejudice because Dwayne Doolin, a prisoner without a lawyer, failed to respond to the court's December 11, 2019 order. ECF 2, ECF 3. Specifically, the court ordered Mr. Doolin to either pay the filing fee or file an *in forma pauperis* motion accompanied by his trust fund ledgers for the past six months by January 10, 2020. ECF 3. He was cautioned that if he did not respond to the court's order, the case could be dismissed without further order. *Id*.

On May 18, 2020, Mr. Doolin filed a letter with the court inquiring about the status of the case. The clerk sent him a copy of the docket sheet showing that the case had been dismissed. Eleven months later, Mr. Doolin updated his address with the court and moved to reconsider the court's dismissal of the case. ECF 9.

Because the motion to reconsider was filed more than twenty-eight days after the entry of the dismissal order, it is construed pursuant to Federal Rule of Civil Procedure 60(b). *See Banks v. Chicago Bd. of Educ.*, 750 F.3d 663, 666 (7th Cir. 2014). An order granting relief under Rule 60(b) is an "extraordinary remedy" that is granted "only in exceptional

circumstances." *Karraker v. Rent-A-Center, Inc.*, 411 F.3d 831, 837 (7th Cir. 2005). Here, the only arguably applicable basis for relief is "mistake, inadvertence, surprise, or excusable neglect." Fed. R. Civ. P. 60(b)(1).

Mr. Doolin represents that he "recently sorted out all his paperwork which consisted of over 10 separate cases and realized this case had been dismissed for failure to prosecute." ECF 9. Mr. Doolin cites to his *pro se* status, being in segregation, having his papers mixed up during a move, and being overwhelmed with the work associated with filing so many cases. He also notes that he was on suicide watch when the case was dismissed and did not realize that it had been dismissed. *Id.* Even if Mr. Doolin did not receive notice of the dismissal immediately because he was on suicide watch, that does not explain why he did not respond to this court's December 11, 2019 order. And it does not explain why he did not take prompt action to reopen the case after writing regarding the status of the case and receiving a copy of the docket sheet showing that the case had been dismissed. Therefore, Mr. Doolin has not demonstrated an extraordinary circumstance that prevented him from challenging this court's order dismissing his case in a timely manner. Accordingly, this case was properly dismissed and there is no basis for reopening it now.

For these reasons, Dwayne Doolin's motion to reconsider (ECF 9) is DENIED.

SO ORDERED.

April 29, 2021                                                 *s/ Damon R. Leichty*
                                                               Judge, United States District Court